GOVERNMENT OF AMERICAN SAMOA (by F. Tuitasi), Plaintiff

v.

PALAFU (M) of Malaeloa, Defendant

No. 34-1960

High Court of American Samoa

Criminal Jurisdiction, Appellate Division

August 2, 1960

ARTHUR A. MORROW, *Chief Justice;* APE, *Associate Judge;* and LETULIGASENOA, *Associate Judge.*

Heard at Fagatogo on August 1, 1960 before Morrow, *Chief Justice,* and *Associate Judges* Ape and Letuligasenoa.

S. Fesagaiga, Assistant Public Defender, for Palafu.

F. Tuitasi for the Government.

MORROW, *Chief Justice*

Palafu was convicted of petty larceny in the District Court for the Third District on July 6, 1960. He was sentenced to pay a fine of $10.00 within two weeks or go to jail for 20 days. The defendant appealed upon the ground that the statute of limitations had run before the criminal charge against him was filed.

We have gone over the record and believe from it that the defendant was guilty of stealing taro as charged. However, it appears to us that the offence for which the defendant was prosecuted occurred in September 1959 while the record shows that the complaint against him was not filed with the Clerk of the District Court until June 22, 1960, which was at least eight months after the commission of the offence.

The defendant at his trial stated that "This thing occurred in 1959 but I am now brought to court for it."

■ Section 801 of the A. S. Code as amended on May 20, 1953 provides that "A felony is a crime or offense which may be punished by death or by imprisonment for life or for more than one year. *Every other crime is a misdemeanor* (emphasis added)."

■ Section 856 of the A. S. Code as amended on May 14, 1953 provides that the punishment for petty larceny (and that is the offence with which the defendant was charged) is a fine of not more than $150 or imprisonment for not more than six months or both.

It follows, therefore, that the defendant was charged with a misdemeanor.

■ Section 807 of the A. S. Code as amended on May 20, 1953 provides that "In the case of misdemeanors . . . prosecution must be commenced within six months after the commission of the crime or offence."

The defendant pleaded not guilty in the District Court.

■ The editors of American Jurisprudence say that "While in some cases special pleas of the statute of limitations have been countenanced or approved, the general and better practice is to raise the issue under a plea of not guilty." 15 Am.Jur. 38. The editors of Corpus Juris Secundum say that "In most of the cases it has been held that the statute of limitations is available under the general issue, and need not be pleaded specially." 22 C.J.S. 700. We think the better rule is that the plea of the statute of limitations may properly be raised under a plea of not guilty.

Since the record in the trial court did not show definitely in what month in 1959 the offence occurred, the Appellate Division took testimony from which it was very clear that the offence occurred in September of that year, at least eight months prior to the filing of the criminal complaint against the defendant on June 22, 1960.

It follows, therefore, since petty larceny is a misdemeanor, that the sentence pronounced against the defendant must be set aside and the complaint filed against him in the district court dismissed.

### ORDER

The District Court for the Third District is hereby directed to set aside its sentence of the defendant Palafu in the above-entitled case and to dismiss the criminal complaint filed against him in said case.